IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TERRELL GRESHAM,

                    Petitioner

     VS.

DALE HERNDON, Warden,

                    Respondent

NO. 3:09-CV-82 (CDL)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent Dale Herndon's motion seeking dismissal of the instant habeas corpus petition. Tab #12. Therein, respondent Herndon contends that, prior to filing the instant action, petitioner Terrell Gresham failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). The petitioner was ordered to respond to the motion on or before October 5, 2009. Tab #14. To date, no response has been filed. This UNCONTESTED motion seeking dismissal is ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 12, 2008, in Walton County, Georgia, petitioner Gresham pled guilty to and was convicted for the offenses of burglary and possession of burglary tools. He was sentenced to three-hundred-sixty-five (365) days incarceration/probation. On October 2, 2008, the petitioner filed a motion to withdraw his guilty plea. This motion was denied by the trial court on March 19, 2009. On March 23, 2009, the petitioner filed a notice to appeal this denial in the Georgia Court of Appeals. On May 4, 2009, *during the pendency of his appeal*, petitioner Gresham executed the instant **federal** habeas petition. Tab #1. The respondent filed a response (Tab #11) and the instant motion seeking dismissal (Tab #12).

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)). Moreover, the exhaustion requirement was designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

## DISCUSSION AND CONCLUSION

Because it is undisputed that petitioner Gresham did not exhaust his available state judicial remedies *prior* to filing the instant federal petition, **IT IS RECOMMENDED** that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *without prejudice* to his right to re-file if and when he has exhausted his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 27th day of APRIL, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE